**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Kendrick Edwards, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.: 4:05-1669-12 |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |

On June 13, 2005, under 28 U.S.C. § 2255, the petitioner commenced this pro se action attacking his guilty plea and sentence. On December 20, 2001, a federal grand jury charged the petitioner in a two count indictment for: (1) conspiracy to possess and pass counterfeit Federal Reserve Notes with the intent to defraud in violation of 18 U.S.C. § 472 and conspiracy to buy and sell Federal Reserve Notes in violation of 18 U.S.C. § 473; and (2) being an alien who was deported subsequent to a conviction for the commission of an aggravated felony and was later found in the United States at Darlington, South Carolina without having obtained the consent of the Attorney General of the United States for reapplication for admission into the United States in violation of 8 U.S.C. § 1326(a)(2) and (b)(2).

On February 15, 2002, the petitioner pled guilty to Count (2) of the indictment. On August 26, 2002, the Court sentenced the petitioner to 46 months confinement followed by 3 years of supervised release.[1] On September 5, 2002, the Court entered judgment. The petitioner did not appeal his guilty plea or sentence.

The petitioner claims his sentence violates principles set forth by the Supreme Court in

---

[1] The sentence runs consecutively with the petitioner's state court custody sentence.

United States v. Booker, 125 S.Ct. 738 (2005). The petitioner also alleges section 1326 is unconstitutional because it does not require a conviction of a prior felony to be charged in an indictment.

On April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2255 was amended to provide for a statute of limitations period:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The Court entered judgment against the petitioner on November 5, 2002 and the petitioner did not file a notice of appeal within the 10 day expiration period mandated by Rule 4(b) of the Federal Rules of Appellate Procedure. The petitioner filed this action on June 13, 2005, slightly less than three years after the petitioner's judgment became final.

The petitioner claims the Supreme Court recognized a new right in Booker, and the right was made retroactively applicable. The Supreme Court, however, clearly stated that its holding in Booker must be applied "to all cases on direct review." Id. at 25. Subsequent to the decision

in Booker, the Seventh Circuit ruled that Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005. See McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005). The one year limitations period, consequently, did not begin to run when the Supreme Court issued its opinion in Booker.

Although the limitations period is an affirmative defense, a Court may *sua sponte* dismiss a section 2255 petition as untimely. Hill v. Braxton, 277 F.3d 701, 705 (4th Cir. 2002); see also United States v. Sosa, 364 F.3d 507, 510 n. 4 (4th Cir. 2004)(applying the holding in Hill v. Braxton to motions under section 2255). The Court's *sua sponte* consideration of a limitations period is consistent with Rule 4(b) of the Federal Rules Governing Section 2255 Cases which provides that a Court shall dismiss a motion if it plainly appears that the moving party is entitled to no relief, even in the absence of a responsive pleading from the government.

This action is subject to dismissal pursuant to the one year limitation period provided in 28 U.S.C. § 2255. Unless the petitioner can demonstrate that the petition was filed within the proper time period, this action will be dismissed. The petitioner shall have 60 days from the date of this order to file any material he wishes to support a claim that this action has been filed within the limitations period described above.

**AND IT IS SO ORDERED**.

*C. Weston Houck*
_____
**C. WESTON HOUCK**

July 6, 2005                                **UNITED STATES DISTRICT JUDGE**
Charleston, South Carolina