**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Kendrick Edwards, ) | |
| ) | |
| Petitioner, ) | Civil Action No.: 4:05-1669-CWH |
| ) | |
| vs. ) | |
| ) | |
| United States of America, ) | **ORDER** |
| ) | |
| Respondent. ) | |
| ) | |

On June 13, 2005, under 28 U.S.C. § 2255, the petitioner commenced this pro se action attacking his guilty plea and sentence. On July 6, 2005, the Court issued an order which notified the petitioner that the action had been filed more than one year after his judgment became final and was subject to dismissal. The Court provided the petitioner sixty-days to show that the action was not barred by the limitation period in section 2255. See Hill v. Braxton, 277 F.3d 701, 705 (4th Cir. 2002)(Court may *sua sponte* dismiss an action as barred by the limitation period in section 2254, but a petitioner must be given a chance to explain that the petition is not time barred); see also United States v. Sosa, 364 F.3d 507, 510 n. 4 (4th Cir. 2004)(applying the holding in Hill v. Braxton to petitions under section 2255).

On August 1, 2005, the petitioner responded by alleging the one year limitation period did not begin running until the Supreme Court rendered its decision in United States v. Booker. To support this claim, the petitioner cites another Supreme Court decision, Dodd v. United States, 125 S.Ct. 2478 (2005).  A petitioner must file an action under section 2255 within one year from the "date on which the judgment of conviction became final[,]" or if later, "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

review." 28 U.S.C. § 2255.

In <u>Dodd</u>, the Supreme Court held that the one year limitation period in section 2255 begins running when the Supreme Court initially recognized the right asserted by the petitioner. <u>Dodd</u>, 125 S.Ct. at 2482. For this later date to apply, however, the Supreme Court must have also made the right retroactively applicable to cases on collateral review. <u>Id.</u>

The Supreme Court clearly stated that its holding in <u>Booker</u> must be applied "to all cases on direct review." <u>Id.</u> at 25. Subsequent to the decision in <u>Booker</u>, the Seventh Circuit ruled that <u>Booker</u> does not apply retroactively to criminal cases that became final before its release on January 12, 2005. See <u>McReynolds v. United States</u>, 397 F.3d 479, 481 (7th Cir. 2005). The one year limitation period, consequently, did not begin to run when the Supreme Court issued its opinion in <u>Booker</u>. The petitioner fails to show that this action is not barred by the limitation period in section 2255, and the petition is dismissed as untimely.

        **AND IT IS SO ORDERED**.

*C. Weston Houck*
_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

August 17, 2005
Charleston, South Carolina